```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/22/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GRAHAM KANDIAH, LLC and DIANE GRAHAM,

               Plaintiffs,

    - against -

JPMORGAN CHASE & CO. d/b/a JPMORGAN CHASE
BANK, N.A. also d/b/a CHASE BANK USA, N.A.,

               Defendant.
------------------------------------------------------------X

Civil No. 08-cv-4055 (JGK)

**STIPULATION**

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the respective parties hereto as follows:

1. Plaintiffs intend to file the annexed amended complaint removing JPMorgan Chase & Co. as a defendant and substituting as defendants JPMorgan Chase Bank, N.A. and Chase Bank U.S.A., N.A. (the "Substitute Defendants").

2. Pursuant to FRCP 4(d), Substitute Defendants have agreed to waive service of the summons in the above-referenced action.

3. Substitute Defendants have received the notice of lawsuit and request for waiver of service of summons.

4. Substitute Defendants, and their undersigned counsel, acknowledge receipt of copies of the complaint and amended complaint in this action, two copies of the waiver of service, and a means by which the waiver can be returned to plaintiff's attorney without cost.

5. Notwithstanding that under FRCP 4(d)(3) Substitute Defendants' time to answer or move with respect to the complaint is 60 days from May 14, 2008, Substitute Defendants agree to answer or move with respect to the amended complaint on or before June 19, 2008, the

- 1 -

date of the initial conference scheduled by the Court.

6.　In light of Substitute Defendants' stated intent to move to dismiss the amended complaint, Plaintiffs and Substitute Defendants agree that the FRCP 26(f) conference and initial disclosures under FRCP 26(a)(1) should be postponed until such time as the Court holds an initial conference at which the Court may consider the propriety of continuing a stay of initial disclosures and discovery pending the decision on the motion to dismiss. The parties shall submit by letter grounds for a continued stay, and any opposition thereto, prior to the initial conference with the Court.

7.　The parties respectfully request that the Court so-order the postponement of the FRCP26(f) conference and FRCP26(a)(1) initial disclosures until further Order of the Court after an initial conference, by execution and entry of this Stipulation and Order.

8.　Plaintiffs shall file the annexed amended complaint and executed waiver of service with the Court.

9.　The caption in this action is hereby amended to read:

------------------------------------------------X
GRAHAM KANDIAH, LLC and DIANE GRAHAM,

　　　　　　　　Plaintiffs,

　　- against -

JPMORGAN CHASE BANK, N.A. and CHASE BANK USA, N.A.,

　　　　　　　　Defendants.
------------------------------------------------X

10.　This action is hereby dismissed pursuant to FRCP 41(a)(1)(A)(i) as to defendant JPMorgan Chase & Co., without prejudice and without costs.

11.　Faxed signatures on this stipulation shall be deemed originals for all purposes.

- 2 -

Dated: New York, New York
May 16, 2008

| | |
|---|---|
| Law Offices of Bruce Levinson<br>Attorneys for Plaintiffs Graham<br>Kandiah LLC and Diane Graham | Levi Lubarsky & Feigenbaum LLP<br>Attorneys for Defendant JPMorgan<br>Chase & Co. and Substitute<br>Defendants JPMorgan Chase Bank,<br>N.A. and Chase Bank USA, N.A. |

By: _____
Gregory Brown, Esq. (GB-1977)
747 Third Avenue, Fourth Floor
New York, New York 10017-2803
(212) 750-9898

By: _____
Andrea Likwornik Weiss, Esq.
(AW-9631)
1185 Avenue of the Americas, 17th Fl.
New York, New York 10036
(212) 308-6100

SO ORDERED: _____  G. Koeltp
U.S.D.J.
5/21/08

- 3 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GRAHAM KANDIAH, LLC and DIANE GRAHAM,

                Plaintiffs,

    - against -

JPMORGAN CHASE BANK, N.A. and CHASE BANK
USA, N.A.,

                Defendants.
-----------------------------------------------------------X

Civil No. 08-cv-4055 (JGK)

**AMENDED COMPLAINT**

Plaintiffs, Graham Kandiah, LLC and Diane Graham, by their attorneys, the Law Offices of Bruce Levinson, as and for their complaint, state as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is based on 15 U.S.C. § 1640 (e), 15 U.S.C. § 1681p, 15 U.S.C. § 1692k (d), 15 U.S.C. § 1693m (g) and 28 U.S.C. § 1331.

2. Jurisdiction of this Court over plaintiffs' New York State claims is based on 28 U.S.C. § 1367.

3. Venue in this district is based on 28 U.S.C. § 1391 in that (a) plaintiff, Diane Graham, resides in this district, (b) plaintiffs' claims arose in this district and (b) defendant maintains multiple places of business in this district.

### PARTIES

4. Plaintiff, Graham Kandiah, LLC ("GK"), is a New York limited liability corporation having its principal place of business in the State of New York, City of Bay Shore and County of Suffolk.

5. Plaintiff, Diane Graham ("Graham"), a member of GK, was at all relevant times a resident of the State, City and County of New York.

- 1 -

6. Defendant, JPMorgan Chase Bank, N.A. ("JPMorgan"), is a national bank operating under charters issued by the Office of the Comptroller of the Currency and Department of the Treasury, and maintains multiple offices in the State, City and County of New York.

7. Defendant, Chase Bank USA, N.A. ("Chase"), is a national bank operating under charters issued by the Office of the Comptroller of the Currency and Department of the Treasury, and maintains multiple offices in the State, City and County of New York.

### AS AND FOR A FIRST CAUSE OF ACTION
### BY GK AGAINST JPMORGAN
(Violation of 15 U.S.C. § 1693f)

8. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 7 as if fully set forth herein.

9. In April, 2006, GK was a JPMorgan customer, and maintained multiple checking and savings accounts as well as a business line of credit with that defendant.

10. Between approximately April 1, 2006 and September 30, 2006, an employee of GK, Suzanne Filan (the "Employee"), in concert with a Vice President at JPMorgan, engaged in a measured and systematic scheme to defraud GK.

11. Between April 18, 2006 and August 31, 2006, the Employee made unauthorized electronic fund transfers from GK's account at JPMorgan bearing the number 995502989065 as follows:

    a. automated teller machine withdrawals totaling $20,421.50;

    b. point-of-sale debit card purchases totaling $3,404.23;

    c. point-of-sale requests for cash back totaling $40.00; and

    d. direct electronic transfers totaling $10,700.00.

12. Between April 24, 2006 and August 31, 2006, the Employee made unauthorized electronic fund transfers from GK's account at JPMorgan bearing the number 091155537165 as follows:

   a. automated teller machine withdrawals totaling $15,360.00;

   b. point-of-sale debit card purchases totaling $190.38;

   c. direct electronic transfers totaling $21,785.00.

13. The Employee lacked authority to initiate such transfers and GK received no benefit from the transfers.

14. Upon discovering the fraud, GK provided immediate and timely oral and written notice of the unauthorized electronic fund transfers to JPMorgan.

15. Defendant failed and refused to credit GK's accounts, even provisionally, for the unauthorized transfers GK reported.

16. Upon information and belief, JPMorgan failed to conduct an investigation of the unauthorized electronic funds transfers complained of by GK.

17. JPMorgan improperly imposed bank charges upon GK totaling $936.00 for insufficient funds being available in the accounts.

18. Pursuant to 15 U.S.C. § 1693m (a), GK is entitled to an award in the sum of actual damages sustained by GK, $1,000.00, and the costs of this action, together with reasonable attorneys' fees.

19. Pursuant to 15 U.S.C. § 1693f (e), GK is entitled to an award of treble damages.

20. GK has been damaged in the amount of $221,511.33 plus the costs of this action together with reasonable attorneys' fees.

## AS AND FOR A SECOND CAUSE OF ACTION
## BY GK AGAINST CHASE
(Violation of 15 U.S.C. § 1643)

21. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 20 as if fully set forth herein.

22. Between May 9, 2006 and September 16, 2006, GK was a Chase customer, and maintained a credit card account with that defendant.

23. Between May 9, 2006 and September 16, 2006, the Employee made unauthorized use of a GK credit card issued by Chase bearing the account number 4246315131427090, and incurred charges totaling $9,751.74.

24. On or about October 10, 2006, GK notified Chase of the unauthorized use of its credit card.

25. On or about October 30, 2006, GK provided Chase with notice of the specific, unauthorized charges.

26. Pursuant to 15 U.S.C. § 1643, GK is not liable for such unauthorized use, and any such charge to GK for the debt constitutes a billing error.

27. Pursuant to 15 U.S.C. § 1640 (a), GK is entitled to an award in the sum of actual damages sustained by GK, $2,000.00, twice the amount of any finance charge assessed by Chase in connection with the transactions, and the costs of this action, together with reasonable attorneys' fees.

28. GK has been damaged in the amount of $11,751.74 in addition to twice the amount of any finance charges assessed by Chase in connection with the transactions, and the costs of this action, together with reasonable attorneys' fees.

### AS AND FOR A THIRD CAUSE OF ACTION
### BY GK AGAINST JPMORGAN
(Strict Liability for Payment on Forged Checks)

29. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 28 as if fully set forth herein.

30. Between April 18, 2006 and August 31, 2006, the Employee forged checks totaling $187,679.19 which were drawn on GK's account at JPMorgan bearing the number 995502989065.

31. The Employee was not an authorized signatory on GK's account and the unauthorized signature was never ratified by GK or Graham.

32. JPMorgan wrongfully honored each and every check bearing the Employee's unauthorized signature.

33. The checks bearing the unauthorized signature were wholly inoperative, forged, and were not properly drawn on GK's account.

34. GK has been damaged in the amount of $187,679.19.

### AS AND FOR A FOURTH CAUSE OF ACTION
### BY GRAHAM AND GK AGAINST JPMORGAN
(Violation of 15 U.S.C. § 1681s-2)

35. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 34 as if fully set forth herein.

36. Plaintiffs provided JPMorgan with notice of the unauthorized electronic transfers, and forged checks.

37. Notwithstanding said notice, JPMorgan furnished information regarding the JPMorgan accounts held by GK and Graham to consumer reporting agencies which caused the credit ratings of plaintiffs to become less than satisfactory.

38. JPMorgan knew or had reasonable cause to believe that the information furnished to the consumer reporting agencies was inaccurate or false.

39. JPMorgan furnished information relating to GK and Graham to consumer reporting agencies after it had been notified by plaintiffs, at the address specified by JPMorgan for such notices, that the information was inaccurate.

40. Upon information and belief, JPMorgan never contacted the consumer reporting agencies to correct the inaccurate information.

41. As a result of the false information provided by JPMorgan contained in GK's credit reports, GK has been unable to secure the credit necessary to timely design and manufacture GK's clothing line.

42. GK has been damaged in the sum of $500,000.00.

43. As a result of the false information provided by JPMorgan contained in Graham's credit reports, she has been unable to secure credit necessary to purchase a new home and pay her everyday expenses.

44. Graham has been damaged in the sum of $500,000.00.

45. Pursuant to 15 U.S.C. § 1681o (a), plaintiffs are entitled to an award in the sum of actual damages sustained by them, plus the costs of this action, together with reasonable attorneys' fees.

46. Plaintiffs have been damaged in the amount of $1,000,000.00 plus the costs of this action, together with reasonable attorneys' fees.

/

/

/

## AS AND FOR A FIFTH CAUSE OF ACTION
## BY GRAHAM AND GK AGAINST CHASE
(Violation of 15 U.S.C. § 1681s-2)

47.  Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 46 as if fully set forth herein.

48.  Plaintiffs provided defendant Chase with notice of the unauthorized credit card transactions.

49.  Notwithstanding said notice, Chase furnished information regarding the Chase accounts held by GK and Graham to consumer reporting agencies which caused the credit ratings of plaintiffs to become less than satisfactory.

50.  Chase knew or had reasonable cause to believe that the information furnished to the consumer reporting agencies was inaccurate or false.

51.  Chase furnished information relating to GK and Graham to consumer reporting agencies after it had been notified by plaintiffs, at the address specified by Chase for such notices, that the information was inaccurate.

52.  Upon information and belief, Chase never contacted the consumer reporting agencies to correct the inaccurate information.

53.  As a result of the false information provided by Chase contained in GK's credit reports, GK has been unable to secure the credit necessary to timely design and manufacture GK's clothing line.

54.  GK has been damaged in the sum of $500,000.00.

55.  As a result of the false information provided by defendant contained in Graham's credit reports, she has been unable to secure credit necessary to purchase a new home and pay her everyday expenses.

56. Graham has been damaged in the sum of $500,000.00.

57. Pursuant to 15 U.S.C. § 1681o (a), plaintiffs are entitled to an award in the sum of actual damages sustained by them, plus the costs of this action, together with reasonable attorneys' fees.

58. Plaintiffs have been damaged in the amount of $1,000,000.00 plus the costs of this action, together with reasonable attorneys' fees.

### AS AND FOR A SIXTH CAUSE OF ACTION BY GRAHAM AND GK AGAINST JPMORGAN
(Violation of 15 U.S.C. § 1692 et seq.)

59. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 58 as if fully set forth herein.

60. Within thirty days of JPMorgan's first attempt to collect the alleged debts which are at issue in this lawsuit, plaintiffs notified JPMorgan in writing that the debt was disputed.

61. JPMorgan persisted in its efforts to collect the debt by making threatening phone calls and sending threatening letters to plaintiffs.

62. Graham, individually and on behalf of GK, spent a substantial amount of time speaking with debt collectors and drafting letters to JPMorgan requesting that their collection efforts cease.

63. Pursuant to 15 U.S.C. § 1640 (a), GK is entitled to an award in the sum of actual damages sustained by GK, $2,000.00, twice the amount of any finance charge assessed by JPMorgan in connection with the transactions, and the costs of this action, together with reasonable attorneys' fees.

64. Plaintiffs have been damaged in the amount of $12,000.00 plus the costs of this action, together with reasonable attorneys' fees.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### BY GRAHAM AND GK AGAINST CHASE
(Violation of 15 U.S.C. § 1692 et seq.)

65. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 64 as if fully set forth herein.

66. Within thirty days of Chase's first attempt to collect the alleged debts which are at issue in this lawsuit, plaintiffs notified Chase in writing that the debt was disputed.

67. Chase persisted in its efforts to collect the debt by making threatening phone calls and sending threatening letters to plaintiffs.

68. Graham, individually and on behalf of GK, spent a substantial amount of time speaking with debt collectors and drafting letters to Chase requesting that their collection efforts cease.

69. Pursuant to 15 U.S.C. § 1640 (a), GK is entitled to an award in the sum of actual damages sustained by GK, $2,000.00, twice the amount of any finance charge assessed by Chase in connection with the transactions, and the costs of this action, together with reasonable attorneys' fees.

70. Plaintiffs have been damaged in the amount of $12,000.00 plus the costs of this action, together with reasonable attorneys' fees.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### BY GRAHAM AND GK AGAINST JPMORGAN
(Breach of Contract)

71. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 70 as if fully set forth herein.

72. Upon plaintiffs opening checking and savings accounts, as well as a business line of credit, with JPMorgan, plaintiffs and JPMorgan entered into a contract which contained the terms of the relationship of the parties.

73. Plaintiffs fully performed their obligations under the terms of the contract.

74. JPMorgan failed to perform its obligations under the terms of the contract and also breached the implied covenant of good faith and fair dealing.

75. Plaintiffs have been damaged in the amount of $500,000.00.

### AS AND FOR A NINTH CAUSE OF ACTION
### BY GRAHAM AND GK AGAINST CHASE
(Breach of Contract)

76. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 50 as if fully set forth herein.

77. Upon plaintiffs opening credit card accounts with Chase, plaintiffs and Chase entered into a contract which contained the terms of the relationship of the parties.

78. Plaintiffs fully performed their obligations under the terms of the contract.

79. Chase failed to perform its obligations under the terms of the contract and also breached the implied covenant of good faith and fair dealing.

80. Plaintiffs have been damaged in the amount of $500,000.00.

### AS AND FOR A TENTH CAUSE OF ACTION
### BY GRAHAM AND GK AGAINST JPMORGAN
(Commercial Bad Faith)

81. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 80 as if fully set forth herein.

82. In furtherance of the Employee's measured and systematic scheme to defraud GK and Graham, the Employee relied on the complicity of a JPMorgan Vice President, Kirk W. McTaggart ("McTaggart").

83. Upon information and belief, McTaggart helped to facilitated the Employee's improper transfer of funds out of accounts maintained by Graham and GK with defendants.

84. McTaggart provided false statements to Graham and other GK employees on behalf of the Employee.

85. Such support and false statements were intended to further JPMorgan's confederacy with the Employee.

86. JPMorgan knew or should have known of McTaggart's dishonest acts.

87. Plaintiffs have been damaged in the amount of $100,000.00.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION BY GRAHAM AND GK AGAINST JPMORGAN
(Malicious Prosecution)

88. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 87 as if fully set forth herein.

89. Upon information and belief, defendant JPMorgan commenced several law suits against plaintiffs, including a proceeding to foreclose upon Graham's home, in an attempt to prevent plaintiffs from seeking compensation for the damages resulting from JPMorgan's complicity in the fraud perpetrated by the Employee.

90. Defendant JPMorgan lacked probable cause to commence these actions.

91. Each of these actions was commenced by defendant with malice and with ulterior motives.

92. Each of the actions was terminated in favor of plaintiff.

93. Plaintiffs suffered special damages as a result of those legal proceedings.

94. In particular, among other things, Graham was forced to sell her apartment at an amount far below fair market value because of her need for cash. While the apartment was valued at approximately $3,000,000.00, its actual sale price was only $2,465,000.00.

95. In addition, Graham incurred additional fees upon the closing of the sale of her apartment in connection with fees charged by defendant's attorneys. The amount of these additional charges total $2,848.25.

96. Plaintiffs have been damaged in the amount of $537,848.25.

### AS AND FOR A TWELFTH CAUSE OF ACTION BY GRAHAM AND GK AGAINST JPMORGAN
(Prima Facie Tort)

97. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 96 as if fully set forth herein.

98. Upon information and belief, defendant JPMorgan commenced several law suits against plaintiffs, including a proceeding to foreclose upon Graham's home, in an attempt to prevent plaintiffs from seeking compensation for the damages resulting from JPMorgan's complicity in the fraud perpetrated by the Employee.

99. Defendant JPMorgan has no justification for commencing these actions and was guided solely by disinterested malevolence.

100. Plaintiffs suffered substantial actual and consequential damages as a result of those legal proceedings.

101. In particular, Graham was forced to sell her apartment at an amount far below fair market value because of her need for cash. While the apartment was valued at approximately $3,000,000.00, its actual sale price was only $2,465,000.00.

D.  On the fourth cause of action by plaintiffs against JPMorgan, the sum of $1,000,000.00 plus the costs of this action, together with reasonable attorneys' fees;

E.  On the fifth cause of action by plaintiffs against Chase, the sum of $1,000,000.00 plus the costs of this action, together with reasonable attorneys' fees;

F.  On the sixth cause of action by plaintiffs against JPMorgan, the sum of $12,000.00 plus the costs of this action, together with reasonable attorneys' fees;

G.  On the seventh cause of action by plaintiffs against Chase, the sum of $12,000.00 plus the costs of this action, together with reasonable attorneys' fees;

H.  On the eighth cause of action by plaintiffs against JPMorgan, the sum of $500,000.00;

I.  On the ninth cause of action by plaintiffs against Chase, the sum of $500,000.00;

J.  On the tenth cause of action by plaintiffs against JPMorgan, the sum of $100,000.00;

K.  On the eleventh cause of action by plaintiffs against JPMorgan, the sum of $537,848.25;

L.  On the twelfth cause of action by plaintiffs against JPMorgan, the sum of $537,848.25;

M.  On the thirteenth cause of action by Graham against JPMorgan and Chase, a preliminary and permanent injunction enjoining and restraining defendants JPMorgan and Chase, together with their agents, contractors, attorneys, employees, and those acting under their direction or control, from providing any false, inaccurate, misleading or negative information regarding plaintiffs' finances to any consumer reporting agencies and an order directing

defendants JPMorgan and Chase to demand that all consumer reporting agencies and credit bureaus delete the tradelines related to the subject matter of this action;

N. Together with interest thereon from April 1, 2006;

O. Plus costs, disbursements, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
May 14, 2008

By: LAW OFFICES OF BRUCE LEVINSON
Attorneys for Plaintiffs

_____
Gregory Brown (GB1977)
747 Third Avenue, Fourth Floor
New York, New York 10017-2803
(212) 750-9898