# LEVI LUBARSKY & FEIGENBAUM LLP

ATTORNEYS AT LAW
1185 AVENUE OF THE AMERICAS
17TH FLOOR
NEW YORK, NEW YORK 10036

TEL. (212) 308-6100
FAX (212) 308-8830
WWW.LLF-LAW.COM

MEMO ENDORSED

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/12/08

June 11, 2008

By Facsimile
Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

[Handwritten endorsement: 1. Time to file motion to dismiss extended to June 26, 2008. So ordered. JGK 6/12/08]

Re: Graham Kandiah LLC and Diane Graham v. JPMorgan Chase Bank, N.A. and Chase Bank, USA, N.A., 08-cv-4055 (JGK)

Dear Judge Koeltl:

This firm represents defendants JPMorgan Chase Bank, N.A. ("JPMCB") and Chase Bank, USA, N.A. ("Chase Bank") in this action. By stipulation and order dated May 22, 2008, defendants' motion to dismiss the amended complaint is currently due on June 19, 2008, the same date as the initial conference with the Court. Pursuant to the same stipulation and order, initial disclosures are stayed pending the conference, with the parties to submit by letter grounds for continuing the stay of initial disclosures and discovery pending decision of the motion.

The purpose of this letter is two-fold. First, with respect to the motion to dismiss two of the twelve claims (the Third and Eleventh Causes of Action), defendants request, for the reasons explained below, that they be permitted to submit limited evidence outside the four corners of the amended complaint, and that the Court, if appropriate, convert the motion with respect to these claims to one for summary judgment.[1] Because the Court requires a pre-motion conference for summary judgment motions, we request that the Court hold such a conference at the previously-scheduled June 19 conference, and that defendants' time to file their motion be extended to June 26, 2008. I have spoken to counsel for plaintiffs, who consent to this extension of time.

---

[1] Defendants believe, however, that much of this evidence may be considered on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), without conversion, because, as explained in the text below, the evidence is integral to plaintiffs' allegations and was necessarily known to plaintiffs when they prepared the complaint. See International Audiotext Network v. American Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995) (documents "integral to the complaint" may be considered on a motion to dismiss); Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir.1991) (documents may be considered where plaintiff had undisputed notice of them and relied upon them in framing the complaint).

Hon. John G. Koeltl
June 11, 2008
Page 2

Second, this letter sets forth grounds for continuing the stay of initial disclosures and discovery pending decision on the motion to dismiss.[2]

I. **Supplementary Evidence on the Motion to Dismiss The Third and Eleventh Causes of Action**

A. **The Allegations of the Complaint**

The gravamen of the amended complaint is that a corrupt employee of plaintiff Graham Kandiah LLC ("GK") stole from the company by making electronic funds transfers from its JPMCB bank accounts; by forging checks on one of those accounts; and by making unauthorized credit card purchases using a corporate credit card issued by Chase Bank. GK and its principal, Diane Graham ("Graham"), assert twelve causes of action in the amended complaint (and a thirteenth for "injunctive relief") in an effort to recoup their losses from defendants.

B. **The Grounds of the Motion to Dismiss the Third Cause of Action**

The Third Cause of Action, asserted by GK, alleges that JPMCB is strictly liable for paying checks drawn over the GK employee's allegedly unauthorized signature. According to the amended complaint, the checks were drawn between April 18, 2006 and August 31, 2006. The basis for the motion to dismiss, among possibly others, is that this claim is barred by GK's failure to timely notify JPMCB in writing of the checks containing the unauthorized signatures, as required by the banking contracts between GK and JPMCB. Failure to comply with the contractual notice provision requires dismissal. Gluck v. JPMorgan Chase Bank, 12 A.D.3d 305, 306, 785 N.Y.S.2d 77, 77 (1st Dep't 2004) (under Chase's account agreement, the bank is not to be held responsible for plaintiff's losses unless the customer gave written notice within 60 days of receipt of the monthly statement containing the account discrepancy).

In support of its motion to dismiss, JPMCB would submit the relevant account agreements. The account agreement in effect during the period of the alleged forgeries required the customer to notify JPMCB in writing within 60 calendar days of the mailing of the customer's account statement of any errors or irregularities, including an unauthorized drawer's signature, and explicitly barred suit if timely notice was not given.[3] Because here, plaintiffs themselves sue JPMCB for breach of contract (in their Eighth Cause of Action), albeit without annexing the contract or describing its terms, the contract is necessarily integral to the amended complaint, and presumably well known to plaintiffs, who otherwise could not have sued upon it.

In addition, JPMCB would submit declarations (i) setting forth the time frame within which JPMCB mailed to GK monthly account statements on the account at issue; and (ii)

---

[2] This letter indentifies the principal arguments that defendants currently intend to set forth in their contemplated motion. However, defendants reserve the right to assert additional arguments in their motion even if not identified herein.

[3] A new account agreement went into effect on September 15, 2006 which shortened the notice period to 30 days. Under either agreement, GK did not give the required written notice.

Hon. John G. Koeltl
June 11, 2008
Page 3

establishing that GK did not timely give the required written notice of the purportedly unauthorized items.

### C.   The Grounds of the Motion to Dismiss the Eleventh Cause of Action

The Eleventh Cause of action, asserted by both plaintiffs against JPMCB, accuses JPMCB of "malicious prosecution" based on JPMCB commencing "several" unspecified lawsuits, including a proceeding to foreclose on Graham's home. This claim should be dismissed because the only lawsuit that JPMCB commenced against defendants, based on a default on a business line of credit, did not terminate favorably to plaintiffs, an element of a malicious prosecution claim.[4] Rather, as plaintiffs' counsel know, since the same firm represented GK and Graham in that lawsuit, the case was settled with admissions of liability by GK and Graham and their agreement to pay money to JPMCB. O'Brien v. Alexander, 101 F.3d at 1486 (2d Cir. 1996) ("where the proceeding has been terminated . . . by agreement or settlement of the parties" there is no favorable termination) (quoting Halbertstadt v. New York Life Ins. Co., 86 N.E. 801, 804 (N.Y. 1909)). To establish this defense, JPMCB would submit the complaint and the settlement agreement, both of which are necessarily integral to plaintiffs' malicious prosecution claim, and both of which are well-known to plaintiffs.

With respect to the foreclosure proceeding alluded to in the amended complaint, in fact there was no lawsuit, but rather a notice of non-judicial sale of plaintiffs' co-op shares, pursuant to Article 9 of the U.C.C. The proposed sale cannot be the subject of a malicious prosecution claim because it did not involve any court proceeding. "[S]ome sort of prior judicial proceeding is the [s]ine qua non of a cause of action in malicious prosecution." Broughton v. State, 335 N.E.2d 310, 314 (N.Y. 1975). In all events, by agreement with counsel for Graham -- again, the same firm representing her in this case -- Graham sold the co-op herself and paid off her home loans in full. Accordingly, there was not a termination favorable to Graham. To support this defense, JPMCB would submit the declaration of the counsel that represented JPMCB in connection with the proposed sale and copies of the checks paying off the home loans.

Because defendants believe that submission of this evidence, which not only is beyond dispute but which is well known to plaintiff, will quickly resolve the third and eleventh causes of action, they respectfully request that they be permitted to include it in the motion to dismiss, and that the Court, if necessary, convert the motion on these claims to one for summary judgment.[5]

---

[4] In a claim for malicious prosecution of a prior civil action, the plaintiff must plead and prove: "(1) the initiation of an action by the defendant against the plaintiff; (2) begun with malice; (3) without probable cause to believe it can succeed; 4) that ends in failure, or, on other words, terminates in favor of the plaintiff," plus "interference with plaintiff's person or property" constituting special damages. O'Brien v. Alexander, 101 F.3d 1479, 1484 (2d Cir. 1996).

[5] While defendants anticipate that the motion will be granted, in the event that it is denied and discovery is ordered, defendants respectfully request permission to renew the summary judgment motion at the conclusion of discovery on these and any other bases.

Hon. John G. Koeltl
June 11, 2008
Page 4

## II. The Basis for a Stay of Discovery

Defendants respectfully request that the Court continue the stay of initial disclosures and discovery because the remaining causes of action in the amended complaint, like the Third and Eleventh Causes of Action, are patently meritless as a matter of law, and should be dismissed:

1. The <u>First Cause of Action</u>, asserted by GK alone, alleges that JPMCB violated the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et. seq.* by failing to investigate the alleged improper electronic funds transfers and failing to re-credit the company's accounts. GK fails to state a claim under the EFTA because that statute applies only to natural persons.

2. The <u>Second Cause of Action</u>, asserted by GK, alleges that Chase Bank violated the Truth-in-Lending Act ("TILA"), § 1601, *et. seq.*, by improperly billing the company for the employee's unauthorized charges. This claim, based on charges made between May and September 2006, is time-barred by the TILA's one-year statute of limitations.

3. The <u>Fourth and Fifth Causes of Action</u>, asserted by both plaintiffs against each defendant, respectively, allege that defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(a), by reporting false information to credit reporting agencies, and failing to correct the information when so notified by plaintiffs. These claims must be dismissed because, among other reasons, there is no private right of action to enforce this statute.

4. The <u>Sixth and Seventh Causes of Action</u>, asserted by both plaintiffs against each defendant, respectively, allege that defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, by engaging in improper debt collection practices to collect debts owed by plaintiffs to defendants. These claims fail to state a cause of action because, among other reasons, the FDCPA applies only to "debt collectors," defined in the statute as persons collecting debts owed to another. Creditors seeking to collect debts owed to them, as defendants are alleged to have done here, are not within the scope of the FDCPA.

5. The <u>Eighth and Ninth Causes of Action</u>, asserted by both plaintiffs against each defendant, respectively, assert a breach of contract. These claims fail to state a cause of action because, among other reasons, the amended complaint fails to plead the terms of any contracts that plaintiffs claim were breached.

6. The <u>Tenth Cause of Action</u>, asserted by both defendants against JPMCB, accuses JPMCB of "commercial bad faith," on the grounds that a JPMCB employee was complicit with the corrupt GK employee. This claim, which must be plead in accordance with Fed. R. Civ. P. 9(b), must be dismissed because there are no factual allegations that support a strong inference of actual knowledge of facts and circumstances amounting to bad faith, as is required under applicable Supreme Court precedent and the law of this Circuit.

8. The <u>Twelfth Cause of Action</u> for "*prima facie* tort" must be dismissed because, among other reasons, it is predicated upon the same allegations of malicious prosecution as the

Hon. John G. Koeltl
June 11, 2008
Page 5

Eleventh Cause of Action, which cannot, as a matter of law, serve as the basis for a prima *facie tort* claim. See Curiano v. Suozzi, 469 N.E.2d 1342, 1327-28 (N.Y. 1984).

    A stay of discovery is appropriate here because the defendants' motion is potentially dispositive and as set forth above has "substantial grounds" and does "not appear to be without foundation in the law." Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (granting stay of discovery pursuant to Rules 26(c)&(d)); see also Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 2010-11 (S.D.N.Y. 1991).

Respectfully submitted,

Andrea Likwornik Weiss

cc:    Gregory Brown, Esq.
       (by facsimile)